MR. JUSTICE DALY
delivered the opinion of the Court.
This appeal arises from a conviction of defendant of robbery following a j'ury trial in the District Court of the Fourth Judicial District, Lake County.
On February 14, 1979, defendant was charged in Missoula county with three felony counts of burglary. Defendant later pleaded *296 guilty to two counts, and the third was dismissed. Prior to entry of a judgment of conviction and sentencing, however, defendant escaped from the Missoula County Jail.
Following his escape, defendant was charged on July 24, 1979, with robbery in Lake County. He was convicted of this charge in November 1979 and sentenced by the District Court to a term of twenty years in the state prison. The court also found: “For purposes of parole, the Defendant is found by the Court to be a dangerous offender, his having been convicted of a felony in Missoula County within five (5) years last past.”
On January 7, 1980, the District Court of the Fourth Judicial District, Missoula County, entered judgment and sentenced defendant for the two counts of burglary filed in February 1979. A judgment and sentence was also entered against defendant on an escape charge.
The sole issue raised on appeal is whether the District Court in Lake County correctly designated defendant a dangerous offender for the purpose of parole.
Section 46-23-201, MCA, provides:
“. . . No convict serving a time sentence may be paroled until he has served at least one-half of his full term . . . except that a convict designated as a nondangerous offender under 46-18-404 may be paroled after he has served one-quarter of his full term ...”
Under section 46-18-404, MCA, the sentencing court shall designate an offender as nondangerous if:
“(a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and
“(b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.
*297 “(3) If the court determines that an offender is not eligible to be designated as a nondangerous offender, it shall make that determination a part of the sentence imposed and shall state the determination in the judgment. Whenever the sentence and judgment do not contain such a determination, the offender is considered to have been designated as a nondangerous offender for parole purposes.”
Conviction is defined in section 45-2-101(9), MCA:
“ ‘Conviction’ means a judgment of conviction or sentence entered upon a guilty plea or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or court of competent jurisdiction authorized to try the case without a jury.”
Defendant, on November 28, 1979, was found to be a dangerous offender based upon a Missoula County felony “conviction.” Defendant, however, was not convicted or sentenced as to the burglary charges in Missoula County until January 7, 1980. With this being the case, we find the District Court improperly used the burglary conviction as a basis for its dangerous offender designation.
The fact that defendant pleaded guilty to the burglary charges in Missoula County has no effect upon this Court’s finding. The determination of a nondangerous offender status under section 46-18-404(1)(a), MCA, is based upon an examination of prior convictions. See State v. Dahl (1980), 190 Mont. 207, 620 P.2d 361, 37 St.Rep. 1852, 1857. A conviction cannot be equated with a plea of guilty.
The case is remanded to the District Court for resentencing, in accordance with this opinion, with instructions to determine if defendant, under section 46-18-404, MCA, is to be designated a non-dangerous offender for parole purposes.
MR. JUSTICES SHEA and SHEEHY concur.